IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VIRGINIA LARA, | § | |
|     *Plaintiff* | § | |
| | § | |
| | § | |
| v. | § | CAUSE OF |
| | § | ACTION_____ |
| | § | |
| UNIVERSITY OF TEXAS HSC- | § | |
| HOUSTON, Counseling and | § | |
| `Worklife | § | TRIAL BY JURY DEMANDED |
|     *Defendant* | | |

## PLAINTIFF'S, VIRGINIA LARA'S COMPLAINT

To the Honorable Judge of Said Court:

Comes Now Plaintiff, Virginia Lara ("Plaintiff" or "Lara") complaining of University of Texas HSC-Houston, Counseling and Worklife ("Defendant" or "UT"); and for cause of action Plaintiff would show the following:

### I. PARTIES

A. PLAINTIFF
   Plaintiff is a resident of Harris County, Texas.
B. DEFENDANT
   Defendant is a state agency with its principal place of business in Harris County, Texas; it may be served with process herein by serving _____ at _____, Houston, Texas, 770__.

### II. JURISDICTION

A. This Court has jurisdiction pursuant to Title 28, USC §§1331, and 1343.
B. The court has jurisdiction over the lawsuit because the action arises under the Family and Medical Leave Act (FMLA), 29 U.S.C. §2601 et seq.

### III. VENUE

Venue is proper in this district under 42 U.S.C. §2000e-5(f)(3) because the alleged unlawful employment practice was committed in this district.

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Plaintiff timely filed a charge of discrimination against defendant with the Equal Employment Opportunity Commission (EEOC). Plaintiff files this complaint within 90 days after receiving a notice of the right to sue from the EEOC.

### V. AMERICANS WITH DISABILITIES ACTS

A.   At all times material hereto, because of cancer, the existence and treatment of which has limited one or more of Plaintiff's major life activities, Plaintiff is disabled, as defined by the Americans with Disabilities Act (ADA)Section *42 U.S.C. §§12102, 12111(8)*. Plaintiff has been at all times material hereto otherwise qualified to perform the essential functions of her position as a counselor.
B.   Plaintiff is an employee within the meaning of the ADA.
C.   Defendant violated the ADA by intentionally discriminating against plaintiff because of her disability. Defendant's discriminatory acts include denial of employment work-hour benefits otherwise afforded to employees, workplace harassment, and termination or discharge from employment.

### VI. FAMILY MEDICAL LEAVE ACT, AND RETALIATION

A.   At all times material hereto, Plaintiff was an eligible employee within the meaning of the FMLA.
B.   Plaintiff was employed by Defendant, and qualified for Family Medical Leave for at least 12 months and for at least 1,250 hours of service during the previous 12-month period.
C.   Defendant is an employer within the meaning of the FMLA. Defendant is engaged in commerce or in an industry or activity affecting commerce and employs 50 or more employees for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year.
D.   Plaintiff was entitled to 12 work weeks of leave during the period of being afflicted with and treatment for cancer.
E.   Plaintiff was on Family Medical Leave from August 9, 2006 through October 2, 2006.

F.      On September 27, 2006, Plaqintiff received a letter from Defendant which stated that she would be terminated from her employment on September 27, 2006, even though she was on Family Medical Leave.

G.      Plaintiff appealed to Defendant's Clinical Manager, James Mena, and Executive Director, Sherry Wilson, and was not terminated on condition of returning to work on October 2, 2006.

H.      Plaintiff returned to work on October 2, 2006.

I.      However, Plaintiff was discriminated against by Defendant and treated differently than other employees.

J.      For example, Plaintiff even though known to be in a cancer treatment program, was required to document medical treatments and medically related absences even for brief periods of time.

K.      When Plaintiff appealed the disparate treatment to Debbie Norris, Defendant's Human Resources officer, she was told to got to Mena and Wilson.

L.      When she went to Mena and Wilson, she was ignored as for as positive response, and subjected to retaliation.

M.      Plaintiff timely filed an EEOC charge on May2, 2007.

N.      The retaliation took the form of falsified disciplinary actions and work place harassment.

O.      For example, when Plaintiff attended doctor appointments at M.D. Anderson Hospital, she was falsely accused of infractions designed to have a negative cumulative effect on her employment, and attend harassing meetings designed to intimidate and cause her to suffer stress.

P.      Then Defendant's administrators, in an obvious combination to cause Plaintiff to quit or be subjected to termination joined forces with each other to subject Plaintiff to unfounded disciplinary treatment and threatened termination including a Performance Improvement Plan.

Q.      The involved administrators were Jeff Dibble ( Director of Business Operation & Development), Mary Maher (Vice President & Chief Human Resources Officer), Sherry Wilson (Executive Director), and James Mena (Clinical Manager).

R.      On June 25, 2007, forced by her physical weakness and susceptibilty to stress, Plaintiff was forced to protect her physical and mental well-being and resign.

S.      Plaintiff is Hispanic.

T.      There is a pattern and practice of Defendant discriminating against and treating Hispanic females with disabilities differently than Defendant treats similar non-Hispanic employees.

## VII. CAUSATION AND INJURY

A.   Defendant intentionally interfered with Plaintiff's rights provided under the FMLA.
B.   Defendant intentionally discriminated against plaintiff because of her opposition to unlawful practices in violation of the FMLA.
C.   Defendant intentionally discriminated against plaintiff because she filed a charge with the EEOC opposing Defendant's unlawful practices under the ADA, and under the FMLA.
D.   As a result of its illegal activities, Defendant has caused Plaintiff to suffer economic and non-economic damages.

## VIII. PRAYER

Plaintiff prays tha upon trial by jury, Plaintiff receive a judgment awarding her equitable and legal remedies, including declaratory relief, and an award reimbursing her for her actual damages, reasonable and necessary attorney fees and costs of court.

        Respectfully submitted,
        WATTS & ASSOCIATES


        -S-LW_____
        Larry Watts SBN 20981000, FID 7092
        P.O. Box 2214
        Missouri City, Texas 77459
        Phone (281) 431 1500
        Facsimile (281) 431 1298
        Wattstrial@gmail.com